# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2482

_____

United States of America,            *
                                        *

        Plaintiff-Appellant,     *

                                          *  Appeal from the United States

     v.                         *  District Court for the

                                          *  Northern District of Iowa.

Pedro Arellano-Garcia,       *

                                          *    [UNPUBLISHED]

        Defendant-Appellee.     *

_____

Submitted: December 14, 2004
Filed: January 24, 2005

_____

Before WOLLMAN, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Somsock Senlouangrat (Sock) and Daosadeth Keophounsouk (Dao) were indicted in September of 2003 on a charge of conspiracy to distribute 500 grams of methamphetamine. They admitted involvement in the conspiracy, and agreed to cooperate with the police in an investigation of their source for narcotics, Defendant Pedro Arellano-Garcia (Pedro). Sock was released on pretrial supervision and absconded; he remains a fugitive. Dao pled guilty and cooperated with law enforcement, which led to the arrest of Pedro. Pedro and Dao were placed in the same prison in Fort Dodge, Iowa.

While in prison, Pedro wrote several notes to Dao. The note at issue in this case was given to the Government by Dao, and reads as follows:

> My cusin name Agustin Leal Sanchez. If Sock do not want to change his story. It's OK, my people are going to take care of Sock, I give another chance to Sock and he do not get it. We now where he live on Phonix and Fresno. But you can change what you say, because cops need two people, whit one people they have no case. But you need to help me and I can help you, today my attorney are going to come, and I going to tell him, what is the best way to do this. So you whant to help me. Belive, we have to work together on this problem or you wants to stay 15 years on jail., I tell you, we can take you out on 2 years. Tell me if you whant to help me. Thank you friend. And I sorry about Sock, he get the roong way.

Pedro filed a motion in limine arguing, inter alia, that admission of the note into evidence was unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. The Government argued that the note was admissible as relevant evidence of Pedro's knowledge of the conspiracy, participation in the conspiracy, and consciousness of his own guilt.

The district court refused to admit the note into evidence. Although it recognized that threatening notes such as the one written by Pedro are generally admissible as relevant evidence of a defendant's consciousness of guilt, knowledge, and participation, it found that admitting Pedro's note could lead the jury to wrongly believe that Sock's unavailability was in some way caused by Pedro or his agents. The district court found that this inference would create an unfair prejudice that substantially outweighed the note's probative value.

It is well-established that "evidence of death threats against witnesses or other parties cooperating with the government is generally admissible against a criminal defendant to show consciousness of guilt of the crime charged." United States v.

DeAngelo, 13 F.3d 1228, 1231-32 (8th Cir. 1994); see also United States v. Nunn, 940 F.2d 1128, 1131 (8th Cir. 1991) ("As a threat made to a potential informant, the conversation was relevant evidence of [defendant's] knowledge of and participation in the conspiracy."). Although it may be true that admission of the note into evidence would have been less prejudicial to Pedro if Sock was available at trial, the district court placed too much emphasis on Sock's absence. We cannot say that Sock's absence is enough to demonstrate that the note's prejudicial effect substantially outweighed its probative value.

We have found that death threats are admissible as relevant evidence of consciousness of guilt, knowledge, and participation in circumstances where the nature of the threat was far more severe, and thus more prejudicial, than the note written by Pedro. United States v. Montana-Gudino, 309 F.3d 501, 505 (8th Cir. 2002) (allowing the admission of a telephone threat to harm the children of the witness); United States v. Madrigal, 152 F.3d 777, 780 (8th Cir. 1998) (admitting evidence of the defendant's threat to have the witness's "whole family taken out").

The note at issue was highly probative of Pedro's knowledge of the conspiracy, participation in the conspiracy, and consciousness of his own guilt. "[T]he greater degree of probativeness possessed by the evidence, the greater the showing of unfair prejudice that will be required to exclude the evidence." United States v. Noland, 960 F.2d 1384, 1387 (8th Cir. 1992). We find that the probative value of Pedro's note was not sufficiently counterbalanced by the risk of unfair prejudice resulting from Sock's absence. Therefore, the district court abused its discretion and the note was admissible as evidence of Pedro's guilt.

Accordingly, the evidentiary ruling of the district court is reversed and the case is remanded.

_____